BRYAN K. ANDERSON (SBN 170666)
banderson@sidley.com
ASHISH NAGDEV (SBN 259921)
anagdev@sidley.com
RYUK PARK (SBN 298744)
ryuk.park@sidley.com
SIDLEY AUSTIN LLP
1001 PAGE MILL ROAD, BLDG. 1
PALO ALTO, CA 94304
(650) 565-7000
FAX: (650) 565-7100

PHILIP W. WOO (SBN 196459)
pwoo@sidley.com
EZEKIEL RAUSCHER (SBN 269141)
erauscher@sidley.com
KELLY A. KRELLNER (SBN 278998)
kkrellner@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104-1715
(415) 772-1200
FAX: (415) 772-7400

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>        Defendant. | Case No. 3:14-cv-05511-WHO<br><br>Assigned to: Hon. William H. Orrick<br><br>**APPLE'S OPPOSITION TO EON'S MOTION FOR VOLUNTARY DISMISSAL UNDER RULE 41(A)(2)**<br><br>Date:  August 5, 2015<br>Time:  2:00 p.m.<br>Room:  Courtroom 2, 17th Floor |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................1

II.   BACKGROUND FACTS............................................................................................2

III.  LEGAL STANDARD..................................................................................................3

IV.  ARGUMENT...............................................................................................................5
     A.    Granting EON's Motion Would Cause Substantial Legal Prejudice to Apple...............................................................................................................5
         1.    Granting EON's motion would eviscerate this Court's June 5, 2015 Order excluding APNs and other Apple products from EON's infringement contentions ..........................................................................5
         2.    Granting EON's motion would allow EON to nullify the Federal Circuit's mandamus decision on venue and to engage in impermissible forum shopping ....................................................................7
     B.    Any Dismissal Of EON's Claims Should Be With Prejudice, Explicitly Include APNs, or Require That EON File Any New Suit In This District Subject To The Pleadings, Disclosures And Decisions In This Case........................8
         1.    Apple has expended more than two years and significant resources in defending itself against EON .......................................................................8
         2.    EON did not prosecute this action with diligence .........................................9
         3.    EON provides no legitimate explanation of its need for dismissal...............10
         4.    Any non-final dismissal should include conditions to prevent prejudice to Apple..........................................................................................10

V.   CONCLUSION..........................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AF Holdings LLC v. Navasca*,
   No. 12-cv-2396-EMC, 2013 WL 1748011 (N.D. Cal. Apr. 23, 2013)............................................4

*Bader v. Electronics for Imaging, Inc.*,
   195 F.R.D. 659 (N.D. Cal. 2000)................................................................................................5

*Bess v. Hannah*,
   No. 98-cv-3992-MJJ, 2000 WL 365043 (N.D. Cal. Mar. 29, 2000) ...........................................7

*Biogenex Labs., Inc. v. Ventana Medical Sys., Inc.*,
   No. 05-cv-860-JF, 2005 WL 1869342 (N.D. Cal. Aug. 5, 2005) .............................................1, 6

*Brain Life, LLC v. Elekta Inc.*,
   746 F.3d 1045 (Fed. Cir. 2014)...................................................................................................6

*Brooks v. State Bd. of Elections*,
   173 F.R.D. 547 (S.D. Ga. 1997) .................................................................................................5

*Burnette v. Godshall*,
   828 F. Supp. 1439 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles
   & Space Co.*, 72 F.3d 766 (9th Cir. 1995) ..........................................................................3, 5, 7

*Central Montana Rail v. BNSF Railway Co.*,
   422 F. App'x. 636 (9th Cir. 2011)......................................................................................4, 7, 9

*Co-Investor, AG v. Fonjax, Inc.*,
   No. 08-cv-1812-SBA, 2010 WL 1292767 (N.D. Cal. Mar. 31, 2010) ........................................3

*D-Beam v. Roller Derby Skate Corp.*,
   316 F. App'x. 966 (9th Cir. 2008)...............................................................................................6

*EON Corp. IP Holdings LLC v. AT&T Mobility LLC*,
   No. 11-cv-1555-SCC, ECF Nos. 517 (D.P.R.Sept. 9, 2014).......................................................7

*EON Corp. IP Holdings, LLC v. LG Electronics Mobilecomm USA, Inc. et al.*,
   No. 12-cv-0941, ECF No. 95 (E.D. Tex. May 7, 2014) ..............................................................2

*EON Corp. IP Holdings LLC v. Sensus USA Inc.*,
   No. 12-cv-1011-JST (N.D. Cal. filed March 1, 2012).....................................................2, 3, 7, 8

*In re Exxon Valdez*,
   102 F.3d 429 (9th Cir. 1996) ......................................................................................................9

*Flye v. Astrazeneca Pharms., L.P.*,
  No. 06-cv-0679-MHP, 2006 WL 2092063 (N.D. Cal. July 26, 2006) .......................................4, 7

*Fraley v. Facebook, Inc.*,
  No. 11-cv-1726-LHK, 2012 WL 893152 (N.D. Cal. Mar. 13, 2012)..............................................7

*Helio, LLC v. Palm, Inc.*,
  Case No. 06-CV-7754-SBA, 2007 WL 1063507 (N.D. Cal. Apr. 9, 2007) ..................................7

*Icon-IP Pty Ltd. v. Specialized Bicycles Components, Inc.*,
  No. 13-cv-3677-JST, ECF No. 24 (N.D. Cal. Oct. 22, 2013).......................................................1, 6

*Kern Oil & Refining Co. v. Tenneco Oil Co.*,
  792 F.2d 1380 (9th Cir. 1986) ................................................................................................3, 4, 7

*Koerner v. Aetna U.S. Healthcare, Inc.*,
  92 F. App'x. 394 (9th Cir. 2003)...................................................................................................4, 6

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
  58 F.3d 616 (Fed. Cir. 1995)..............................................................................................................6

*Murphy v. Wells Fargo Home Mortgage*,
  No. 13-cv-1407-SI, 2013 WL 4482671 (N.D. Cal. Aug. 19, 2013) ..................................................6

*Sleep Science Partners, Inc. v. Lieberman*,
  No. 09-cv-4200, 2011 WL 2669494 (N.D. Cal. July 7, 2011) .........................................................5

*Smith v. Lenches*,
  263 F.3d 972 (9th Cir. 2001) ........................................................................................................4, 7

*Terrovona v. Kincheloe*,
  852 F.2d 424 (9th Cir. 1988) ........................................................................................................4, 6

*United States v. Haytian Republic*,
  154 U.S. 118 (1894)...........................................................................................................................7

*Versa Prods., Inc. v. Home Depot, USA, Inc.*,
  387 F.3d 1325 (11th Cir. 2004) ..............................................................................................5, 10, 11

*Werdebaugh v. Blue Diamond Growers*,
  No. 12-cv-2724-LHK, 2015 WL 581386 (N.D. Cal. Feb. 11, 2015) ................................................7

*Westlands Water Dist. v. United States*,
  100 F.3d 94 (9th Cir. 1996) ........................................................................................................3, 4, 7

*Whitehurst v. CVS Pharmacy*,
  No. 12-cv-4163-AG, ECF No. 22 (C.D. Cal. July 24, 2012) .................................................5, 11

*Williams v. Peralta Community College Dist.*,
  227 F.R.D. 538 (N.D. Cal. 2005)........................................................................................... passim

**Other Authorities**

Fed. R. Civ. P. § 41(a)(2) ........................................................................................................... 3

Federal Rule of Civil Procedure 41(a)(2) ............................................................................ 3, 4, 5, 9

U.S. Patent Nos. 5,592,491 .............................................................................................. *passim*

**Other Authorities**

5 Moore's Fed. Prac. ¶ 41.05[1] ............................................................................................... 3, 4

8–41 Moore's Fed. Prac.—Civ. § 41.40[7][b][v] ......................................................................... 4

## I.  INTRODUCTION

Plaintiff EON Corp. IP Holding, LLC's ("EON") motion for voluntary dismissal is a thinly veiled attempt to wipe the slate clean of all its adverse results and file a new case against Apple. EON blatantly admits that it seeks dismissal without prejudice (or dismissal with prejudice except as to Apple Push Notification service ("APNs")) in order to assert an APNs infringement theory in another case.  ECF No. 116 at 1:25-2:2 ("This Court's holding left EON without one of its principle [sic] theories for proving infringement of the '491 Patent by Apple, and EON therefore moves to voluntarily dismiss its Complaint without prejudice.").[1]  EON should not be permitted to trump this Court's June 5, 2015 Order denying EON's motion for leave to amend its infringement contentions or split its '491 patent infringement claims so it may pursue APNs in another case and before another Court.  *Icon-IP Pty Ltd. v. Specialized Bicycles Components, Inc.*, No. 13-cv-3677-JST, ECF No. 24 (N.D. Cal. Oct. 22, 2013) (dismissing second action where allowing claims on products excluded from prior suit "would contravene the preclusion principles discussed above and would undermine the spirit and purpose of the Patent Local Rules"); *Biogenex Labs., Inc. v. Ventana Medical Sys., Inc.*, No. 05-cv-860-JF, 2005 WL 1869342 at *3 (N.D. Cal. Aug. 5, 2005) ("[A] patent plaintiff should not be permitted to avoid the adverse consequences of failing [to] assert all patent claims in a pending action by simply filing a new patent action.").

Should this Court grant unconditional dismissal, EON could, and undoubtedly will, attempt to nullify the Federal Circuit's mandamus determination by re-filing in a different venue, and forum shop in an effort to avoid a potentially adverse ruling on issue preclusion.[2]  Because granting EON's motion would allow EON to circumvent or avoid these adverse and potentially adverse rulings and impose substantial legal prejudice on Apple, this Court should deny EON's motion for voluntary dismissal without prejudice and without condition.

---

[1] While EON's motion and proposed order do not explicitly request dismissal with prejudice except for APNs, the supporting Scardino Declaration does include such a proposal.  ECF No. 116, Scardino Decl. ¶ 9, Ex. A.  In an abundance of caution, Apple therefore addresses this APNs claim splitting proposal.

[2] This includes the issue preclusion summary judgment motion currently pending before this Court.  ECF No. 106.

## II. BACKGROUND FACTS

EON sued Apple in the Eastern District of Texas ("EDTX") on December 19, 2012 alleging infringement of four patents, U.S. Patent Nos. 5,592,491 (the "'491 patent"), 5,388,101 (the "'101 patent"), 5,481,546 (the "'546 patent"), and 5,663,757 (the "'757 patent"). ECF No. 1. Currently, EON only pursues the '101 and '491 patents, which expired on October 26, 2012 and January 7, 2014 respectively.[3] Apple moved to transfer the matter on April 3, 2013. ECF No. 21. The EDTX denied Apple's motion to transfer on July 21, 2014. ECF No. 53. Immediately thereafter, Apple filed a petition for writ of mandamus with the Federal Circuit to transfer the matter to this district ("NDCA"), which was granted on September 11, 2014. ECF Nos. 54, 55.

After transfer, this Court held a case management conference ("CMC") on March 31, 2015. During the CMC, this Court agreed with Apple's proposal to proceed with a summary judgment motion on whether the judgment in *EON Corp. IP Holdings LLC v. Sensus USA Inc.*, No. 12-cv-1011-JST (N.D. Cal. filed March 1, 2012) ("*Sensus*") precluded EON's infringement claims under the '491 patent. ECF No. 87 at 19:8-11 ("I like the idea of dealing with the '491 early, as was proposed by Apple, and their schedule for doing that made sense to me, so June 3rd through having a hearing on July 8th . . ."); ECF No. 83 ("Motion for Summary Judgment on Collateral Estoppel to be heard July 8, 2015 at 2:00 p.m."). Also EON, for the first time, raised the theory that APNs infringes the '491 patent. ECF No. 87 at 13:6-20.

EON filed a motion for leave to amend its infringement contentions on April 17, 2015. ECF No. 89. In its proposed amended contentions, EON sought to add APNs as well as additional Apple devices. *Id.* Apple opposed EON's motion for leave to amend. ECF No. 95. At the hearing held on May 27, 2015, this Court indicated that EON's motion for leave to amend its infringement contentions would likely be denied except to delete theories. ECF No. 105 at 2:12-15. On June 5, 2015, this Court issued its Order denying EON's motion for leave to amend its infringement contentions except to delete EON's abandoned theories, finding that EON had not

---

[3] EON dismissed the '757 patent on May 7, 2014. *EON Corp. IP Holdings, LLC v. LG Electronics Mobilecomm USA, Inc. et al.*, No. 12-cv-0941, ECF No. 95 (E.D. Tex. May 7, 2014). In the March 24, 2015 Joint CMC statement to this Court, EON indicated its intent to dismiss the '546 patent. ECF No. 82 at 15.

been diligent in seeking to add APNs to its infringement theory or to add additional Apple devices. ECF No. 114 at 7:15-9:20. In response to this Court's Order, EON filed its amended infringement contentions on June 15, 2015. ECF No. 117.[4]

On June 3, 2015, Apple filed its motion for summary judgment. ECF No. 106. In the summary judgment motion, Apple seeks a determination that Ninth Circuit collateral estoppel law and the *Kessler* doctrine bar EON from relitigating the issues that were already decided in the *Sensus* case. ECF No. 106 at 1:1-16.

On June 12, 2015, EON sought a stipulation from Apple that it could dismiss this case without prejudice, or with prejudice but reserving the right to sue Apple for infringement of the '491 patent in another case based on APNs. Anderson Decl., ¶¶ 5-6, Ex. 1. Apple refused to so stipulate, and EON filed the present motion later in the afternoon of June 12.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. § 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* The grant or denial of a dismissal on motion under Rule 41(a)(2) is within the sound discretion of this Court. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996); *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986). "Rule 41(a)(2) exists chiefly for the defendant's protection." *Co-Investor, AG v. Fonjax, Inc.*, No. 08-cv-1812-SBA, 2010 WL 1292767 at *3 (N.D. Cal. Mar. 31, 2010) (internal citations omitted).

A motion to dismiss under Fed. R. Civ. P. 41(a)(2) requires three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (citing *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995)). In determining whether to grant dismissal, courts consider whether the defendant will

---

[4]   For the convenience of this Court, a redline comparison of EON's changes to its infringement contentions is attached as Exhibit 2 to the Anderson Declaration. Anderson Decl., ¶ 7, Ex. 2.

suffer some plain legal prejudice as a result of the dismissal. *Williams*, 227 F.R.D. at 539 (citing *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)); *Westlands*, 100 F.3d at 96.

Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands*, 100 F.3d at 97. The focus here is "on the rights and defenses available to a defendant in future litigation." *Id.* (citing 5 Moore's Fed. Prac. ¶ 41.05[1] nn. 51-53). Courts have found legal prejudice where the purpose of a voluntary dismissal is to avoid or circumvent adverse rulings. *See e.g.*, *Koerner v. Aetna U.S. Healthcare, Inc.*, 92 F. App'x. 394, 396 (9th Cir. 2003) (affirming district court's order denying motion for voluntary dismissal because "the purpose of Koerner's motion to dismiss was to negate a magistrate's prior order denying its untimely demand for a jury trial by refiling its claim in state court."); *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988) (affirming district court's denial of voluntary dismissal where a summary judgment motion was pending and magistrate had already issued a report and recommendation when the dismissal motion was filed); *AF Holdings LLC v. Navasca*, No. 12-cv-2396-EMC, 2013 WL 1748011 at *3 (N.D. Cal. Apr. 23, 2013) ("[A] dismissal to avoid an adverse determination on the merits of the action or even 'to avoid the effect of other unfavorable, but not necessarily dispositive, rulings by the court may constitute legal prejudice.'") (citing 8–41 Moore's Fed. Prac.—Civ. § 41.40[7][b][v]).

Courts have also found legal prejudice where the purpose of a voluntary dismissal without prejudice was to re-file a case in a forum with more favorable law or likely outcome. *See e.g.*, *Kern Oil*, 792 F.2d at 1389-90 (holding that "the district court was justified in finding that [plaintiff] was forum shopping" and denying its motion for voluntary dismissal without prejudice on that basis); *Central Montana Rail v. BNSF Railway Co.*, 422 F. App'x. 636, 638 (9th Cir. 2011) (affirming district court's denial of voluntary dismissal in part because "[t]he district court's conclusion that the Rule 41(a)(2) motion was motivated by forum shopping ha[d] support in the circumstances [t]here"); *Flye v. Astrazeneca Pharms., L.P.*, No. 06-cv-0679-MHP, 2006 WL 2092063 at *1 (N.D. Cal. July 26, 2006) (denying motion for voluntary dismissal because plaintiff's effort "appear[ed] to be nothing more than forum shopping").

Alternatively, courts may grant dismissal with prejudice "where it would be inequitable or

prejudicial to defendant to allow plaintiff to refile the action." *Williams*, 227 F.R.D. at 539-40 (citing *Burnette*, 828 F. Supp. at 1443; *Brooks v. State Bd. of Elections*, 173 F.R.D. 547, 549-50 (S.D. Ga. 1997) ("Where legal prejudice is especially aggravated, some courts go beyond the scope of the plaintiff's motion and impose the ultimate condition: dismissal with prejudice.")); *Sleep Science Partners, Inc. v. Lieberman*, No. 09-cv-4200, 2011 WL 2669494 at *2 (N.D. Cal. July 7, 2011) (holding that dismissal with prejudice was appropriate where plaintiff sought to dismiss its claim after two years of litigation in order to prevent defendant from recovering attorneys' fees and to avoid application of res judicata in a subsequent suit) (citing *Burnette*, 828 F. Supp. at 1443). Courts consider the following factors in determining whether to grant dismissal with prejudice: (1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal." *Williams*, 227 F.R.D. at 540; *Burnette*, 828 F. Supp. at 1443-44. In particular, "legal prejudice is especially aggravated . . . where the plaintiff wait[s] until the defendant is on the verge of triumph to move for a Rule 41(a)(2) dismissal." *Williams*, 227 F.R.D. at 540 (citing *Brooks*, 173 F.R.D. at 549-50).

Courts may also impose non-monetary conditions on dismissal, such as forum and venue restrictions and pleading restrictions on re-filing. *See Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1329 (11th Cir. 2004) (requiring plaintiff to re-file in same district); *Whitehurst v. CVS Pharmacy*, No. 12-cv-4163-AG, ECF No. 22 (C.D. Cal. July 24, 2012) (requiring plaintiff to re-file in same district and to be bound by pleadings in the earlier case); *Bader v. Electronics for Imaging, Inc.*, 195 F.R.D. 659, 663 (N.D. Cal. 2000) (barring plaintiffs from reasserting same causes of action in federal court).

## IV. ARGUMENT

### A. Granting EON's Motion Would Cause Substantial Legal Prejudice to Apple

#### 1. Granting EON's motion would eviscerate this Court's June 5, 2015 Order excluding APNs and other Apple products from EON's infringement contentions

EON's motion openly seeks to eviscerate this Court's June 5, 2015 Order denying EON's

1  motion for leave to amend its infringement contentions.  ECF No. 116 at 4:26-27 ("Without the
2  APNs theory, EON will be unable to present its best direct infringement case against Apple.").
3  EON cannot, and it should know it cannot, file a second lawsuit to pursue APNs or add other
4  Apple devices or services while this case is pending, because such a second lawsuit would
5  constitute an improper collateral attack on this Court's order and is barred by the prohibition
6  against claim-splitting.  *Icon-IP Pty Ltd.*, No. 13-cv-3677-JST, ECF No. 22 (N.D. Cal. Oct. 22,
7  2013); *Biogenex Labs.*, 2005 WL 1869342 at *3 (N.D. Cal. Aug. 5,  2005); *see also* Anderson
8  Decl., ¶ 6.  Faced with this obstacle, EON now argues that it should be allowed to dismiss this case
9  without prejudice.  ECF No. 116 at 5:5-6 ("EON seeks to dismiss without prejudice the entire
10 action rather than litigate the patents piecemeal against Apple.").  Case law, however, clearly
11 prohibits EON from dismissing this case without prejudice or condition so that it may pursue in
12 another case the claims and theories that this Court ruled that EON failed to diligently pursue in
13 this case.  *See e.g.*, *Koerner*, 92 F. App'x. at 396; *Terrovona*, 852 F.2d at 426.  Given the
14 substantial legal prejudice to Apple, EON should not be granted unconditional dismissal.

15       Nor should EON be granted dismissal with prejudice except for APNs as such a result
16 would also be inconsistent with this Court's June 5, 2015 ruling, and would cause Apple the same
17 substantial legal prejudice as would an unconditional dismissal.  Moreover, dismissal with
18 prejudice except for APNs would, again, improperly permit EON to split a cause of action into
19 separate grounds in successive lawsuits.  *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045 (Fed. Cir.
20 2014) (applying Ninth Circuit law) ("It is well established that a party may not split a cause of
21 action into separate grounds of recovery and raise the separate grounds in successive lawsuits;
22 instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single
23 transaction or series of transactions that can be brought together.") (citing *Mars Inc. v. Nippon*
24 *Conlux Kabushiki-Kaisha,* 58 F.3d 616, 619 (Fed. Cir. 1995); *D-Beam v. Roller Derby Skate Corp.*,
25 316 F. App'x. 966, 969 (9th Cir. 2008); *Murphy v. Wells Fargo Home Mortgage*, No. 13-cv-1407-
26 SI, 2013 WL 4482671 at *4 (N.D. Cal. Aug. 19, 2013) ("The doctrine against claim splitting
27 provides that a party is 'not at liberty to split up his demand, and prosecute it by piecemeal, or
28 present only a portion of the grounds upon which special relief is sought, and leave the rest to be

presented in a second suit, if the first fail.  There would be no end to litigation if such a practice were permissible.'") (citing *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894)).

### 2. Granting EON's motion would allow EON to nullify the Federal Circuit's mandamus decision on venue and to engage in impermissible forum shopping

Pending before this Court is Apple's motion for summary judgment of issue preclusion. ECF No. 110.  As set forth in Apple's motion, Ninth Circuit precedent clearly bars EON from relitigating the issues that were already decided in the *Sensus* case.  *See id.*  EON has previously expressed its view that "collateral estoppel did not apply in E.D. Tex. . . .".  ECF No. 89 at 13:5-7. Upon dismissal, EON will likely file a new suit in a forum that deviates from the issue preclusion jurisprudence in this Circuit.  Also, because EON will undoubtedly assert in any new lawsuit that an unconditioned voluntary dismissal without prejudice nullifies the Federal Circuit's venue determination, Apple will be forced to re-litigate venue with EON yet again.  EON may even seek to include AT&T, which it dismissed from a prior case, or another party in the new lawsuit in an effort to evade the mandamus decision in Apple's favor.[5]  Such forum shopping presents clear legal prejudice to Apple.  *See e.g.*, *Kern Oil*, 792 F.2d at 1389-90; *Central Montana Rail,* 422 F. App'x. at 638; *Flye*, 2006 WL 2092063 at *1.[6]

---

[5] *See EON Corp. IP Holdings LLC v. AT&T Mobility LLC*, No. 11-cv-1555-SCC, ECF Nos. 517 (D.P.R.Sept. 9, 2014).

[6] EON's cited cases do not support the imposition of such legal prejudice on Apple.  Four of the eight cases cited by EON resulted in dismissal with prejudice.  *See Burnette v. Godshall*, 828 F. Supp. 1439 (N.D. Cal. 1993); *Smith v. Lenches*, 263 F.3d 972 (2001); *Bess v. Hannah*, No. 98-cv-3992-MJJ, 2000 WL 365043 (N.D. Cal. Mar. 29, 2000); *Werdebaugh v. Blue Diamond Growers*, No. 12-cv-2724-LHK, 2015 WL 581386 (N.D. Cal. Feb. 11, 2015).  The two cases where the court dismissed without prejudice and without conditions were unopposed.  *See Fraley v. Facebook, Inc.*, No. 11-cv-1726-LHK, 2012 WL 893152 (N.D. Cal. Mar. 13, 2012); *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538 (N.D. Cal. 2005) (unopposed if dismissed with prejudice).  In *Helio, LLC v. Palm, Inc.*, Case No. 06-CV-7754-SBA, 2007 WL 1063507 (N.D. Cal. Apr. 9, 2007), the defendant did not oppose the motion to dismiss but first sought a ruling on a motion for preliminary injunction, which the court declined because, unlike a summary judgment ruling, a preliminary injunction is not dispositive.  The court did impose the condition that "any discovery exchanged in this lawsuit is allowed in a subsequent action related to this trademark infringement claim between the parties that comes before this Court." *Id.* at *4.  In *Westlands Water District v. United States, et al*, 100 F.3d 94 (9th Cir. 1996) the Ninth Circuit reversed the district court's denial of a motion to dismiss where the defendant had sought a stipulation for dismissal, and had filed a motion for dismissal, *prior to* the filing of the defendants' summary judgment motion.

**B.   Any Dismissal Of EON's Claims Should Be With Prejudice, Explicitly Include APNs, or Require That EON File Any New Suit In This District Subject To The Pleadings, Disclosures And Decisions In This Case**

Any dismissal of this action should be with prejudice as to all remaining asserted patents (and explicitly as to APNs) because Apple has been forced to defend itself for years, EON has been far from diligent in prosecuting this action, and EON's explanations for dismissal do not justify giving EON a second bite.  In the alternative, any dismissal should be conditioned so as to preclude EON from forum shopping or evading the decisions in this case by this Court and by the Federal Circuit.

**1.   Apple has expended more than two years and significant resources in defending itself against EON**

Apple has expended substantial time and effort in defending against EON's claims in this case since its filing in December, 2012.  See Anderson Decl., ¶¶ 3-4; ECF Nos. 95 at 3:5-5:7, 17:6-17; ECF No. 96 at ¶¶ 4-10, 22-28.[7]  And during this litigation, EON has imposed substantial burdens on Apple while admitting it failed to pursue merits-based discovery.  ECF No. 116 at 5:24 ("EON has not pressed discovery . . .").  EON filed this lawsuit in a clearly less convenient forum, opposed Apple's motion to transfer, and opposed Apple's mandamus petition.  See ECF Nos. 21, 24-30, 35, 36, 38-41, 43, 45, 46, 53-56, 58-61.  As a result, EON forced Apple to engage in claim construction disclosures and briefing in the initial venue only to be required to repeat the claim construction process again in this Court.  See ECF No. 95 at 4:12-24.  On April 17, 2015, EON sought to amend its infringement contentions to add accused instrumentalities that either existed when it first served infringement contentions in August, 2013 or which were launched by Apple in 2013.  See ECF Nos. 95-97, 114.  EON forced Apple to pursue a motion for summary judgment concerning the '491 patent in light of the prior *Sensus* judgment (ECF Nos. 106-110) and now seeks to dismiss the '491 patent without prejudice in the face of that summary judgment motion.  Finally, EON apparently intends to file a new lawsuit against Apple asserting the '491 patent, likely in another venue and perhaps the very venue from which this matter was transferred, so as to

---

[7]   Apple does not repeat here the case history set forth in its opposition papers to EON's motion to amend the infringement contentions at ECF Nos. 95 and 96.

start the process over again. Apple's expenditure of time and effort is more than sufficient to deny EON's motion to dismiss without prejudice. *See In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (finding that substantial amounts of time and money defendant-appellees expended on removal and discovery disputes warranted a denial of motion for voluntary dismissal).

### 2.     EON did not prosecute this action with diligence

EON's motion asserts that APNs is "one of [EON's] principle [sic] theories for proving infringement of the '491 patent by Apple." ECF No. 116 at 1:25-2:1. And yet, as this Court has already held, "Eon did not act with diligence in adding the APNs theories." ECF No. 114 at 9:19-20; *see also* Anderson Decl., ¶ 2. And EON's failure to pursue APNs is not its only failure to diligently prosecute this case. EON's attempt to accuse new Apple devices was also rejected by this Court, which stated: "Eon was not diligent in moving to amend to add these products after several months if not years . . ." ECF No. 114 at 9:27-10:1; *see also* Anderson Decl., ¶ 2. EON asserted four patents in this case, and has never provided any infringement disclosures for the '546 patent. By its own admission, EON failed to pursue merits-based discovery since this case was filed in December, 2012. ECF No. 116 at 5:24 ("EON has not pressed discovery . . ."). EON's failure to diligently pursue APNs, accuse new Apple devices, propound written discovery, or seek depositions is not the result of lack of opportunity or time, but its own lack of diligence. *See Central Montana Rail*, 422 F. App'x. at 638 (denying dismissal in part because plaintiff waited for almost four years and requested dismissal only after defendant brought summary judgment motion). EON further aggravated the legal prejudice to Apple when it ignored this Court's order for parties to prepare for the issue preclusion hearing during the March 31, 2015 CMC hearing; ignored this Courts indication during the May 27, 2015 hearing that EON's motion to amend would likely be denied; and waited until after Apple filed its summary judgment motion to bring this motion. *Williams*, 227 F.R.D. at 540 (noting that "legal prejudice is especially aggravated . . . where the plaintiff waited until the defendant is on the verge of triumph to move for a Rule 41(a)(2) dismissal.") (internal citations omitted).

### 3. EON provides no legitimate explanation of its need for dismissal

Neither of EON's proffered explanations for why it seeks dismissal without prejudice justifies that result. EON's first explanation—that it wishes to present its allegedly best direct infringement case (*i.e.*, APNs) against Apple—effectively demands that this Court vacate its June 5, 2015 Order to Apple's legal prejudice. EON's second explanation, that it should be allowed to re-file the entire action rather than litigate the patents piecemeal against Apple, presumes that EON should have the option of piecemeal litigation in multiple courts. But EON cannot split its claims under the '491 patent to pursue APNs in a second lawsuit and should not be permitted to dismiss the '101 or '546 patents in order to pursue them in another venue after the Federal Circuit required transfer of all asserted patent claims to this Court.

### 4. Any non-final dismissal should include conditions to prevent prejudice to Apple

Should this Court find that dismissal without prejudice may be appropriate as to the '101 patent, Apple respectfully requests that it impose the following conditions: if EON reasserts any of the patents-in-suit against Apple in the future, (1) EON must file the new case in this district; (2) EON is limited to the infringement contentions in this case and is precluded from adding to the case APNs or any other Apple products or services that this Court excluded from this case; and (3) EON's presently operative pleading in this case will be deemed to be its operative pleading in the new case.

The venue condition is necessary to protect Apple from repeatedly litigating the proper venue with EON. Courts have found that such venue restrictions on re-filing are appropriate where parties have previously litigated venue. *Versa*, 387 F.3d at 1328-29. In *Versa*, the plaintiff sought to dismiss without prejudice after the defendant successfully moved to transfer the case on the basis of *forum non conveniens*. *Id.* at 1326. The transferee court granted plaintiff's motion but imposed a condition that venue for re-filing be limited to the same district. *Id.* at 1326-27. In affirming the district court's decision, the Eleventh Circuit stated "[t]his venue restriction protects [defendant] from the unfairness of having to relitigate the issue of the more convenient forum for

this dispute … [and] promotes judicial economy because the transfer . . . maintains its legal force." *Id.* at 1329. In this case, Apple has already litigated the issue, and the Federal Circuit has made its determination that this district is the proper venue. ECF No. 55. This venue restriction protects Apple from the unfairness of having to relitigate the issue and promotes judicial economy.

Similarly, conditions on EON's infringement contentions and the scope of pleadings are necessary to protect Apple from repeatedly litigating these issues with EON. *See Whitehurst v. CVS Pharmacy*, No. 12-cv-4163-AG, ECF No. 22 (C.D. Cal. July 24, 2012) (imposing the condition that if plaintiff re-files, plaintiff's operative pleading in the old case will be deemed to be its operative pleading in the new case). Apple has already expended significant time and resources analyzing EON's infringement contentions, and this Court has already determined the proper scope of EON's contentions. This pleading restriction protects Apple from relitigating the issue and promotes judicial economy because this Court's June 5, 2015 Order will maintain its legal force.

## V.   CONCLUSION

For all of these reasons, EON's motion for voluntary dismissal without prejudice should be DENIED, or in the alternative, GRANTED with prejudice.

Respectfully submitted,

Dated: June 24, 2015        By:    */s/ Bryan K. Anderson*

BRYAN K. ANDERSON (SBN 170666)
banderson@sidley.com
ASHISH NAGDEV (SBN 259921)
anagdev@sidley.com
RYUK PARK (SBN 298744)
ryuk.park@sidley.com
SIDLEY AUSTIN LLP
1001 PAGE MILL ROAD, BLDG. 1
PALO ALTO, CA  94304
(650) 565-7000
FAX: (650) 565-7100

PHILIP W. WOO (SBN 196459)
pwoo@sidley.com
EZEKIEL RAUSCHER (SBN 269141)
erauscher@sidley.com
KELLY A. KRELLNER (SBN 278998)
kkrellner@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104-1715
(415) 772-1200
FAX: (415) 772-7400

***Attorneys for Defendant* APPLE INC.**