UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EON CORP IP HOLDINGS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 14-cv-05511-WHO<br><br>**ORDER DENYING EON'S MOTION FOR VOLUNTARY DISMISSAL AND GRANTING APPLE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 106, 116 |

Over two years after plaintiff EON Corp. IP Holdings LLC ("Eon") filed this patent suit against defendant Apple, Inc., after Apple had filed a motion for summary judgment on Eon's claim of infringement of its '491 Patent, and after I denied Eon's motion to amend its infringement contentions to include new theories based upon Apple Push Notification Service ("APNs"), Eon requested a voluntary dismissal without prejudice of its lawsuit. The primary issue underlying Eon's motion and Apple's motion for summary judgment is Eon's APNs theories, the ones I would not allow be brought into this case. Eon admits that it seeks dismissal without prejudice in order to file a new lawsuit against Apple based upon APNs. Apple contends that Eon's claims based upon APNs, as well as the claims in this suit, are barred by a prior summary judgment ruling that declared that cellular networks did not infringe Eon's '491 Patent.

Eon's claims and theories based upon APNs are not before me. To address this issue would disregard and essentially overrule my prior Order denying leave to amend the infringement contentions. As the APNs theories have never been included in this case, I do not have the information to determine whether they are precluded by the *Sensus* case. But because dismissal of Eon's claims without prejudice would result in legal prejudice to Apple, I DENY Eon's motion for a voluntary dismissal without prejudice. I GRANT Apple's motion for summary judgment because Eon is precluded from litigating the issue of whether the accused Apple devices infringe

Claim 13 of the '491 Patent.

## BACKGROUND

### I. THIS ACTION

Eon filed this lawsuit in the Eastern District of Texas on December 19, 2012. Dkt. No. 1. The patents allegedly infringed by Apple involve data communication systems designed to enable two-way communications between a network and an individual subscriber unit, such as a cell phone. *See* U.S. Patent No. 5,388,101 ("'101 Patent") (Dkt. No. 1-2); U.S. Patent No. 5,592,491 ("'491 Patent") (Dkt. No. 1-4). The claimed system broadly operates by determining whether "Path A," typically a cellular network connection, is impaired such that a subscriber unit cannot communicate with the network. *See* '491 Patent at 2:14-41. If it is, the system communicates using "Path B," typically a wireless or Wi-Fi network connection, via a modem. *Id.*

Apple moves for summary judgment on the '491 Patent. The central issue to its motion and the APNs theories involves Claim 13 of the '491 Patent, which describes:

> A two-way communication system comprising:
> at least one subscriber unit disposed within a predetermined base station geographic area, said at least one subscriber unit including switching means for selecting a communication path within said communication system,
> a network hub switching center for routing communications from and to said at least one subscriber unit, and
> a modem communicatively coupled to said at least one subscriber unit and said network hub switching center for *transferring multiplexed synchronously related digital data messages of variable lengths between said at least one subscriber unit and said network hub switching center if* said at least one subscriber unit is unable to communicate directly with a local base station repeater cell, said modem also adapted for communicating with said local base station repeater cell if communication therebetween is not otherwise prevented.

491 Patent 8:36-54 (emphasis added).

This case focuses on the third limitation of Claim 13, which contains what the parties refer to as the "transferring . . . if" function. The "transferring . . . if" function refers to the use of the Wi-Fi system when a phone or other subscriber unit is "is unable to communicate directly with a local base station repeater cell" - in other words, if it does not have a cellular connection.

Eon claims that Apple infringed the '491 Patent by producing a system of modems, network hub switching centers, and wireless devices such as iPhones. Compl. ¶¶ 26, 28. The

infringement contentions for Claim 13 describe the two-way communication networks as based upon technologies such as LTE and Wi-Fi. Am. Infringement Contentions at 1 (Dkt. No. 117). The infringing subscriber units are Apple devices such as iPhones or iPads. *Id.* at 3-4. The "network hub switching centers" include "Apple email servers (e.g., iMail), location services (e.g., Apple Maps), and other internet based services (e.g., iTunes, iCloud, Facetime, Siri, Game Center, MessagesiMessage13, the Apple App Store)." *Id.* at 6. The infringement contentions also list exemplary network hub switching centers, such as "[a]pplication and hosted services servers." *Id.* at 6-7. The modems are Wi-Fi access points provided by Apple, such as "Apple's Airport Extreme," which are compatible with subscriber units and connect with them via Wi-Fi. *Id.* at 8. The Wi-Fi access points are coupled with both the subscriber units and the networking hub switching center. *Id.*

> The Amended Infringement Contentions further state that:
>> The "unable to communicate" condition may result from a number of different causes. These include interference or an obstruction, a coverage gap, atmospheric conditions causing temporary or acute disruption in rf transmission and propagation characteristics (e.g., sunspots or a sandstorm). The condition may result from an application-specific demand the cellular network fails to satisfy such as streaming video or a large download. In some instances, a large download will fail to complete or video will not stream at a high enough rate to properly display on user equipment. The consequence is the inability to communicate with the cellular network for the necessary operation.

*Id.* at 9.

After Eon served its preliminary infringement contentions, Apple moved to transfer the case to the Northern District of California on April 3, 2013. Dkt. No. 21. That motion was denied on March 28, 2014. Dkt. No. 40. Apple petitioned the Federal Circuit for a writ of mandamus to have the case transferred, which was granted in September 2014, and the case was transferred to the Northern District of California on December 16, 2014. *See* Dkt. Nos. 55, 59.

More than three months after the case was assigned to me, Eon filed a motion to amend its infringement contentions. It argued that it had good cause to amend the infringement contentions based upon the transfer to this Court in December of 2014 and an adverse claim construction and summary judgment in another case in this district before the Hon. Jon S. Tigar. Dkt. No. 89. Eon

3

1    primarily sought to add Apple Push Notification Service ("APNs") as a theory of infringement.

2    *Id.* I denied Eon's motion, finding that Eon did not act with diligence. Dkt. No. 114.

3    Before I issued that Order, Apple moved for summary judgment. It argued that Eon's

4    infringement claims fail because Eon is collaterally estopped from asserting that the accused

5    Apple devices infringe the '491 Patent due to Judge Tigar's prior summary judgment order. *See*

6    Apple Mot. (Dkt. No. 106). Eon opposed that motion and also filed its motion for voluntary

7    dismissal, which Apple opposes. Eon Oppo. (Dkt. No. 119); Eon Mot. (Dkt. No. 116); Apple

8    Oppo. (Dkt. No. 120). I heard argument on both motions on July 16, 2015.

## II. THE *SENSUS* CASE

Eon filed the case that was decided by Judge Tigar, known as the *Sensus* case,[1] on October 22, 2010. *See EON CorpIP Holdings LLC v. Cisco Sys. Inc*, 36 F. Supp. 3d 912, 915 (N.D. Cal. 2014) *aff'd sub nom. EON Corp. IP Holdings LLC v. Cisco Sys., Inc.*, 595 F. App'x 991 (Fed. Cir. 2015) ("*Sensus*"). It brought causes of action for patent infringement against several defendants, including cellular network providers and subscriber unit manufacturers. *Id.* Eon's claims were "systems claims," as opposed to method or process claims, that read on a communication network. *Id.* at 916.

Eon alleged that defendants Sprint and U.S. Cellular infringed its patents, including the '491 Patent, directly by offering their cellular networks to subscribers, and indirectly by providing material components to subscribers who infringed the patents. *Id.* at 912, 917. It alleged that defendants HTC and Motorola "indirectly infringe[d] by selling, offering to sell, making, using, and importing into the United States subscriber units that are material components of the claimed invention." *Id.* at 917.

Eon's infringement contentions identified as subscriber units "[a]ll dual-mode devices (i.e. devices that can communicate over the wide area or macronetwork (*e.g.* cellular network . . . ) or a local area network (*e.g.* Wi-Fi network) sold by Sprint." Dkt. No. 107-2, Ex. 7 at 8. In a letter

---

[1] In my prior Order, I labeled this case the *Cisco* case to reflect the case name in the relevant summary judgment order. Because the parties refer to the case by the name of a prior party, *Sensus*, I refer to the case as *Sensus* for ease of identification.

4

providing additional information to the infringement contentions, Eon stated that although "[c]ommunications networks are the accused devices," the claims "contain subscriber units and modems as elements." Dkt. No. 107-2, Ex. 10. It listed the Apple iPhone (4, 4S, 5, 5c, and 5s) as exemplary handset subscriber units, and various Apple iPads as non-handset subscriber units.[2] *Id.* Eon argued that the defendants infringed Claim 13 because the subscriber units would connect via Wi-Fi networks when the units were not able to connect to defendants' cellular networks. *See*, e.g., 36 F. Supp. 3d at 920-23.

On July 8, 2013, Judge Tigar issued a claim construction order. *See EON Corp.IP Holdings LLC v. Aruba Networks Inc.*, No. 12-CV-01011-JST, 2013 WL 3455631, at *1 (N.D. Cal. July 8, 2013) *rev'd on reconsideration sub nom. EON Corp IP Holdings LLC v. Cisco Sys. Inc*, No. 12-CV-01011-JST, 2014 WL 793323 (N.D. Cal. Feb. 25, 2014) and *opinion revised and superseded sub nom. Eon CorpIP Holdings LLC v. Aruba Networks Inc*, No. 12-CV-01011-JST, 2014 WL 938511 (N.D. Cal. Mar. 5, 2014). He construed the "transferring . . . if" limitation as "conditioned on whether the subscriber unit is unable to directly communicate with the local base station repeater cell." *Id.* at *17. In addition, "[t]he system is binary, meaning the subscriber unit either directly communicates with the base station repeater cell or the modem." *Id.*

The *Sensus* defendants then moved for summary judgment on the basis that the court's construction of the "transferring . . . if" term precluded infringement as alleged by Eon. Judge Tigar issued a summary judgment order against Eon on April 1, 2014. *Sensus*, 36 F. Supp. 3d at 912. A large part of Judge Tigar's decision depended upon his claim construction determination that the "transferring if" limitation of Claim 13 was conditioned on the unavailability of the "Path A" cellular network communication. He found that:

> The claimed network functions as follows. When the subscriber units are able to directly communicate with the local base station repeater cell, they use that communication path ("Path A"). When the subscriber units cannot communicate through Path A, the switching means within the units transfer to communicate instead with the local base station repeater cell through the modem ("Path

---

[2] The iPads listed were: Apple iPad Air (Wi-Fi + Cellular), Apple iPad mini with retina display (Wi-Fi + Cellular), Apple iPad with retina display (Wi-Fi + Cellular), and Apple iPad mini (Wi-Fi + Cellular). Dkt. No. 107-2, Ex. 10.

5

B").

*Id.* at 916 (internal citations omitted). He identified the accused products and services as "wireless communication networks offered to Sprint and U.S. Cellular subscribers." *Id.* at 917.

In contrast with the invention claimed in the '491 Patent, Judge Tigar found that the accused products would only connect via "Path A" if "Path B" was unavailable. *Id.* at 921. In other words, the accused devices would connect to Wi-Fi whenever it was available, *regardless of* whether "Path A" cellular service was available. *Id.* Accordingly, the accused products did not fall within the scope of the "transferring . . . if" claim limitation, and did not infringe the patent. Because the subscriber units did not infringe, the entire network did not infringe. *See id.* at 922 ("The foregoing alone establishes that the accused networks do not satisfy the claimed system limitations in any iterations or operations").

## LEGAL STANDARD

### I. VOLUNTARY DISMISSAL

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request voluntary dismissal from the court "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Generally, in determining whether to grant a motion for voluntary dismissal under Rule 41(a)(2), the court must decide (i) "whether to allow dismissal;" (ii) "whether dismissal should be with or without prejudice"; and (iii) whether any conditions should be imposed as part of the dismissal. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" is "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (internal quotations omitted). The threat of future litigation, or of a plaintiff gaining a tactical advantage by litigation in another forum, do not constitute legal prejudice. *Id.*

### II. SUMMARY JUDGMENT

A court will grant a motion for summary judgment where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute as to a material fact is genuine if

there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Noriga v. Ahmed*, No. CV 12-0889 WHO (PR), 2013 WL 3461931, at *1 (N.D. Cal. July 9, 2013).

If the moving party meets its initial burden, the nonmoving party must then go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.*; FED. R. CIV. P. 56(a). The court will consider only material facts and not "factual disputes that are irrelevant or unnecessary." *Anderson,* 477 U.S. at 248. In order to prevail, the nonmoving party must demonstrate with reasonable particularity that the evidence precludes summary judgment. *Noriga*, 2013 WL 3461931, at *1. Absent such a showing "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal citations and quotations omitted).

## III. COLLATERAL ESTOPPEL

I apply the collateral estoppel rules of the Ninth Circuit: the doctrine applies when "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000); *see also TecSec, Inc. v. International Business Machines Corp.*, 731 F.3d 1336, 1341 (Fed. Cir. 2013).[3] "[O]nce an issue is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case." *Kamilche Co. v. United States*, 53 F.3d 1059, 1063 (9th Cir. 1995) *opinion amended on reh'g sub nom. Kamilche v. United*

---

[3] Eon contends that issue preclusion requires both parties to have been parties in the *Sensus* case. Eon Oppo. at 8-9. This is not always correct. Courts may apply "non-mutual defensive collateral estoppel, wherein a litigant not a party to a prior case seeks to preclude relitigation of an issue by its current opponent who was a party to the prior case and lost on the very issue which the opponent seeks to relitigate in the current action." *Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034, 1038 (N.D. Cal. 1990); *see also Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 324 (1971).

*States*, 75 F.3d 1391 (9th Cir. 1996) (internal quotations omitted).

## DISCUSSION

### I. EON'S MOTION FOR VOLUNTARY DISMISSAL

In moving to voluntarily dismiss this action under Rule 41(a)(2), Eon states in a conclusory way that Apple will suffer no legal prejudice if this case is dismissed without prejudice. Eon Mot. 2-3. It states that Apple has not filed any counterclaims and that Apple will not lose a federal forum, the right to a jury trial, or a statute of limitations defense. *Id.*

I disagree. The parties extensively litigated the venue of this case. When the trial court in the Eastern District of Texas declined to transfer the case to the Northern District of California, Apple appealed to the Federal Circuit and prevailed. A dismissal without prejudice would likely force Apple to re-litigate the issue of venue once more. The motion for entry of a voluntary dismissal therefore raises concerns that Eon is forum shopping. *See Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389-90 (9th Cir. 1986) (affirming denial of motion for voluntary dismissal based upon impermissible forum shopping); *Flye v. Astrazeneca Pharm.*, L.P., No. C-06-0679 MHP, 2006 WL 2092063, at *1 (N.D. Cal. July 26, 2006).

In addition, Eon sought to dismiss with a potentially adverse summary judgment ruling in the offing. Eon admittedly seeks dismissal without prejudice in order to re-file its case and include the APNs theory that I recently decided could not be added in this action. In such circumstances, courts find legal prejudice to the other party and will not dismiss without prejudice. *See Koerner v. Aetna U.S. Healthcare, Inc.*, 92 F. App'x 394, 396 (9th Cir. 2003) (district court did not abuse its discretion in denying a motion for voluntary dismissal that was filed for the purpose of negating a prior order); *see also AF Holdings LLC v. Navasca*, No. C-12-2396 EMC, 2013 WL 1748011, at *3 (N.D. Cal. Apr. 23, 2013) (dismissing with prejudice where defendant "would be deprived, at the very least, of the benefit of rulings favorable to him" and where "[plaintiff] is seeking to dismiss the case in order to avoid an adverse determination on the merits as well as the effect of other unfavorable, though not necessarily, dispositive rulings of this Court").

Allowing Eon to dismiss this case without prejudice would result in legal prejudice to

1  Apple. Due to the length of time this case has been pending, the extensive litigation over venue,
2  and the summary judgment motion that was pending and on which I am about to rule, I DENY
3  Eon's motion to dismiss without prejudice and will resolve Apple's motion for summary
4  judgment.

## II. APPLE'S MOTION FOR SUMMARY JUDGMENT

Central to Apple's summary judgment motion is whether any of the issues resolved by Judge Tigar's summary judgment order in *Sensus* preclude Eon from asserting infringement in this case. The parties do not seriously dispute that the issues in *Sensus* were disposed of in a final judgment, and that they were "actually litigated."[4] Moreover, Eon does not dispute that it was a party to the *Sensus* action. Accordingly, the second, third, and fourth issue preclusion factors are satisfied.

Instead, the parties focus on what was "actually litigated" in the prior action, whether the issues litigated are identical to the ones asserted here, and what arguments Eon would be estopped from bringing. These questions can be resolved by identifying the exact issue that Eon asserts here and that was potentially decided in *Sensus*. Apple contends that Eon is precluded from litigating the issue of whether Apple's products violate the "transferring . . . if" limitation in Claim 13 of the '491 Patent. Apple Mot. 10. Despite vigorously opposing Apple's motion, Eon fails to identify a different issue in this case, or to indicate how it intends to establish infringement without litigating the same issue that is central to the infringement of the accused system in this case, the accused system in the *Sensus* case, and the summary judgment order in *Sensus*. Accordingly, the issue that is the subject of collateral estoppel is whether Apple's accused products violate the 'transferring . . . if' limitations of Claim 13.

The infringement contentions in both this case and *Sensus* make clear that the "subscriber unit" component of the accused system of infringement operates in the same way in both cases:

---

[4] Although the Judge Tigar granted summary judgment in favor of the defendants in *Sensus* on several grounds, in the Ninth Circuit, where "the court rests its judgment alternatively upon two or more grounds, the judgment concludes each adjudicated issue that is necessary to support any of the grounds upon which the judgment is rested." *In re Westgate-California Corp.*, 642 F.2d 1174, 1176 (9th Cir. 1981). Eon has not disagreed with this principle. Eon Oppo. 18-19.

subscriber units violate Claim 13 of the '491 Patent by connecting via Wi-Fi when cellular service is not available. *See* Amended Infringement Contentions at 5, 8-9; Dkt. No. 107-2, Ex. 7 at 9, 21-22. Whether these units infringe Claim 13 is precluded by Judge Tigar's adverse ruling unless the accused "system" here – and particularly the Apple subscriber units – differs in a material way from the system in *Sensus*. As Apple points out, I must determine "whether the accused Apple Subscriber Units that operate on non-Sprint networks are identical, for purposes of EON's infringement contentions, to those that operate on the Sprint network." Apple Mot. 10.

Eon attempts to distinguish the accused Apple devices here from those in *Sensus*. It states that "[t]he various CDMA and GSM versions of the Apple products have different model numbers, are not interchangeable, and are different products" from those that were accused in *Sensus*. Eon Oppo. at 6. Unlike in the *Sensus* case, which involved products that operated on Sprint and U.S. Cellular networks, here the accused Apple Products operate only on AT&T's network. *See id.*

Eon has not demonstrated how these differences impact the functioning of the "transferring . . . if" limitation as alleged in this case. It has shown only that there are immaterial differences in features, such as model numbers or the operative cell phone network, that have no bearing on the allegedly infringing operation of the subscriber units.

At the same time, Apple has demonstrated that the Apple products accused here and in *Sensus* operate in the same way with respect to Claim 13. The infringement contentions in both this case and *Sensus* describe how the accused subscriber units operate, and are very similar to one another. *See* Am. Infringement Contentions; Dkt. Nos. 107-2, Exs. 7. In particular, Amended Infringement Contentions' description of how the Apple products infringe the "transferring . . . if" limitation is identical to its counterpart in *Sensus*. *See* Dkt. No. 107-3, Ex. 14.

Apple provided evidence that establishes that (i) all accused Apple products in this case operate in the same manner as in *Sensus*, and (ii) that the type of cellular network used does not impact how the accused Apple products connect to Wi-Fi or cellular service. Nathanson Decl. ¶¶ 4-7 (Dkt. No. 108); *see also id.* ¶ 6 ("on a cellular-capable iOS device, the network configuration component will always select Wi-Fi over cellular as the primary (preferred) network whenever

1    Wi-Fi is available.).” Eon does not dispute this evidence. That Eon initially included Apple

2    devices that operate on Sprint or U.S. Cellular networks as accused devices further supports the

3    fact that the network carrier does not change whether the accused subscriber units infringe Claim

4    13. *See* Dkt. No. 107-2, Ex. 13 at 5. For the purposes of preclusion, the Apple devices accused in

5    this case are identical to the devices discussed in the *Sensus* summary judgment order.

6       Judge Tigar's summary judgment order did not focus on how the cellular systems or Wi-Fi

7    networks operated, but on how the subscriber units operated. Judge Tigar found the "switching

8    means" occurred in the subscriber unit, and emphasized that if a Wi-Fi network was available, the

9    subscriber unit would connect via Wi-Fi instead of via cellular service. *Sensus*, 36 F. Supp. 3d at

10   916. He did not address how the rest of the system operated. *See id.* at 922 ("[t]he foregoing

11   [decision that the handsets do not fall within the scope of Claim 13] alone establishes that the

12   *accused networks* do not satisfy the claimed system limitations in any iterations or operations.")

13   (emphasis added). Because *all* of the accused units in *Sensus* operated by automatically

14   connecting via Wi-Fi where available, instead of automatically connecting via cellular service as

15   described in Claim 13, the system did not infringe. That Judge Tigar did not specifically discuss

16   the accused Apple products is immaterial.[5] Accordingly, I find that the issue of whether the

17   accused Apple products fall within the scope of the "transferring . . . if" limitation of Claim 13

18   was already litigated and decided in *Sensus*, and Eon is collaterally estopped from re-litigating it in

19   this case.

20      My determination that this single, narrow issue is precluded reveals the weakness of Eon's

21   arguments. Eon argues primarily that the issues in this case are not identical to those in the *Sensus*

22   action, *see* Eon Oppo. at 9-10, and that issue preclusion "does not apply to issues that *might have*

---

[5] Eon incorrectly characterizes the *Sensus* order as ruling that the defendants did not infringe the '491 Patent because a user could not play a role in infringement. Eon Oppo. at 2-3. This summary of the *Sensus* order is misleading. Judge Tigar did reject Eon's "user activation" theories in making his decision, but his primary determination was that the accused products did not fall within the patent claims as construed, and that Eon's "user activation" theory did not cause the accused products to otherwise fall within his construction of Claim 13. Moreover, Eon advanced its "user activation" theory after Judge Tigar's claim construction rendered other theories untenable, indicating that the specific theory advanced was merely one iteration of Eon's underlying infringement contentions. *See Sensus*, 36 F. Supp. 3d at 923.

*been* raised" in the prior proceeding. *Id.* at 7. But these contentions are misplaced.

First, not all issues need to be the same for issue preclusion to apply. Even if the other accused components of Apple's system, such as modems or network hub switching centers, infringe Claim 13, the system itself cannot infringe if the accused subscriber units are non-infringing. *See Mannesmann Demag Corp. v. Engineered Metal Products Co.*, 793 F.2d 1279, 1282 (Fed. Cir. 1986) ("Literal infringement requires that the accused device embody every element of the patent claim"). In *Home Diagnostics, Inc. v. LifeScan, Inc.*, the court addressed a "situation where an accused product, though different from a previously litigated product, contains a structure that is identical to a structure that was previously determined to be non-infringing." 120 F. Supp. 2d 864, 868 (N.D. Cal. 2000). In applying issue preclusion, the court reasoned that:

> To adopt [defendant's] argument would undermine the principles of collateral estoppel by allowing relitigation of precisely the same issue, that of whether a particular structure within a product satisfies a particular element of the asserted patent claim. If a structure in a product is found to be identical to a structure in an otherwise different, previously litigated product, the judgment as to whether that structure meets the relevant claim element must apply to the later litigation to avoid repetitive litigation of the same issues. However, to prevail in the current context, [plaintiff] must establish that there is no genuine issue of disputed fact that the pertinent structures in the two devices are identical.

*Id.* In short, differences in alleged *systems* do not bear on whether a party can be precluded from re-litigating infringement of the same component or structure in a system. Because it does not matter whether the other components of Apple's accused system infringe Claim 13, any differences between this case and *Sensus* regarding those components are irrelevant.

Second, although issue preclusion does not preclude litigation of separate *issues* that might have been raised in a prior proceeding, it does preclude litigation of separate *theories* that might have been raised but were not. *See Kamilche Co. v. United States*, 53 F.3d 1059, 1063 (9th Cir. 1995) *opinion amended on reh'g sub nom. Kamilche v. United States*, 75 F.3d 1391 (9th Cir. 1996) ("once an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case."). All of Eon's new arguments are different theories that describe different ways in which the subscriber units may infringe the "transferring . . . if" limitation. These theories do not disturb Judge Tigar's prior determination of

the *issue* of whether the subscriber units infringed the limitation. *See Sensus*, 36 F. Supp. 3d at 921 ("Even assuming that this is a viable infringement theory under the operative infringement contentions, it is foreclosed by the 'conditional limitation' the Court has construed the systems claims to contain: the 'transferring function' of the modem is conditioned on whether the subscriber unit is unable to directly communicate with the local base station repeater cell.").

Because Eon is precluded from re-litigating the issue of whether the accused subscriber units infringe the "transferring . . . if" limitation of Claim 13, Apple's summary judgment motion is GRANTED.[6]

## III. APNS ARGUMENTS

In both motions and at oral argument, the parties spent a large amount of effort debating whether Eon may re-litigate arguments based upon APNs in a separate suit. They urge me to determine now whether this suit and the *Sensus* ruling would preclude new litigation asserting that Apple's APNs infringes Eon's patents. Because of the parties' focus on this theory, I will briefly address why I cannot make any ruling on it.

Apple opposed Eon's earlier motion to amend its infringement contentions to add its APNs theories to this case, Dkt. No. 95, and I largely agreed with Apple's position. Dkt. No. 114. Considering those theories now would require me to ignore and essentially overrule my prior Order. The details of the APNs claim are not before me. As a result, I cannot determine whether APNs involve the same issue as in this case or *Sensus*. And it is not appropriate to opine on a future, not-yet-filed case that is not before me. Therefore, although I understand the parties' desire for clarity on this issue, I cannot address it.

## IV. MOTION TO SEAL

In support of its motion for summary judgment, Apple seeks to file under seal certain docket entries from the *Sensus* case. Dkt. No. 110. These documents were all filed under seal in *Sensus*, and I accordingly GRANT the motion to seal.

---

[6] Because I GRANT Apple's motion for summary judgment on issue preclusion grounds, I need not address whether the *Kessler* doctrine bars Eon's suit.

13

**CONCLUSION**

For the above reasons, Eon's motion for voluntary dismissal without prejudice is DENIED. Apple's motion for summary judgment is GRANTED.

**IT IS SO ORDERED**.

Dated: August 17, 2015



WILLIAM H. ORRICK
United States District Judge