UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EON CORP IP HOLDINGS LLC,

    Plaintiff,

    v.

APPLE INC.,

    Defendant.

Case No. 14-cv-05511-WHO

**ORDER ON DISCOVERY DISPUTE**

Re: Dkt. No. 176

Currently before me is EON's motion to compel Apple to produce documents responsive to EON's second request for production of documents. As narrowed on this motion, EON seeks documents relating to APNs[1], iMessage, or FaceTime that were created, filed, or used at trial in three prior patent infringement cases where Apple was a party: *VirnetX Inc. v. Apple Inc.*, No. 6:12-cv-00855-RWS (E.D.Tx.); *Unwired Planet, LLC v. Apple Inc.*, No. 13-cv-04134-VC (N.D.Cal); *SimpleAir, Inc. v. AWS Convergence Technologies, Inc., et. al.*, No. 2-09-cv-00289 (E.D.Tx.).

In this District, "the appropriate standard for determining the relevance of documents from those other cases turned on the similarity between the patents in the disputes. To satisfy the standard, the other case must involve 'the patents-in-suit or patents covering the same or similar technologies, features, or designs as the patents-in-suits.' . . . . [T]he starting point of the 'technological nexus' inquiry is the patents at issue, not the products at issue. And so, to ascertain the degree to which the technology overlaps, the necessary comparison here is between the patents involved in this case and the patents in the earlier disputes." *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 3246094, at *20 (N.D. Cal. June 26, 2013). "The failure to

---

[1] APNs are Apple Push Notifications.

1    meet the technological nexus standard, however, does not preclude discovery from other litigation.
2    The party seeking discovery instead must show that each category of documents it seeks is
3    relevant under the traditional Rule 26(b) standard." *Id*.

4        EON contends that the "technological nexus" between the patents at issue in this case and
5    the patents at issue in the *VirnetX*, *Unwired Planet*, and *SimpleAir* cases "are methods and systems
6    for the establishment and transmission of data to subscriber units over data connections." Dkt.
7    No. 179 at 2. Apple counters that EON's definition of nexus is far too broad, impermissibly relies
8    on the '101 Patent (which Apple asserts does not mention or accuse APNs, iMessage, or
9    FaceTime), and is inconsistent with EON's prior representations about the scope of the '491
10   Patent claims at issue. Apple's version of the technological nexus is much narrower: "a system
11   that determines whether Path A is impaired and then transfers communication to Path B as a
12   result." Dkt. No. 180 at 4.

13       In my prior Order requiring supplemental briefing on this dispute (Dkt. No. 178), I directed
14   EON to show – through citation to specific portions of the dockets in the *VirnetX*, *Unwired Planet*,
15   and *SimpleAir* cases – where the claims *actually litigated* in those cases overlap with the patent
16   claims/technology at issue here. Dkt. No. 178. EON failed to do so (other than a citation to the
17   Markman Order in the *SimpleAir* case). However, EON did cite to portions of the dockets in those
18   three cases to explain the relevance under the general Rule 26(b) standard, in particular where data
19   transmission and the FaceTime and APNs instrumentalities accused in this case were discussed.
20   Dkt. No. 179 at 5-7.

21       While Apple complains of burden and lack of proportionality, as well as the difficultly of
22   handling other parties' confidential information under the protective orders in those cases, Apple's
23   concerns can be accommodated. I ORDER that:

24       1. Apple shall produce from the *VirnetX*, *Unwired Planet*, and *SimpleAir* cases the
25          relevant portions of documents discussing APNs, iMessage, and FaceTime contained
26          in: (i) expert reports, (ii) deposition transcripts; (iii) trial transcripts; and (iv) trial
27          exhibits.

28       2. Apple shall not produce information regarding *other* parties' products or technology

2

1       that is protected by the protective orders or sealing orders in those cases.

2       If, after reviewing the production required by this Order, EON has a good faith basis for

3  seeking additional categories of information (*e.g.*, pleadings or discovery responses), it may do so,

4  but only if supported by specific citations to materials already produced to demonstrate relevance.

5       **IT IS SO ORDERED**.

6  Dated: June 14, 2016



WILLIAM H. ORRICK
United States District Judge