Bryan K. Anderson (SBN 170666)
bkanderson@sidley.com
Ash Nagdev (SBN 259921)
anagdev@sidley.com
Ryuk Park (SBN 298744)
ryuk.park@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, California  94304
Telephone: 650-565-7000
Facsimile:  650-565-7100

Philip W. Woo (SBN 196459)
pwoo@sidley.com
Ezekiel L. Rauscher (SBN 269141)
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
Telephone: 415-772-1200
Facsimile: 415-772-7400

**Attorneys for Defendant APPLE INC.**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) Case No. 3:14-cv-05511-WHO |
| Plaintiff, | ) Assigned to: Hon. William H. Orrick |
| vs. | ) **APPLE'S CIVIL LOCAL RULE 7-3(d)(1) OBJECTION TO REPLY EVIDENCE** |
| APPLE INC., | ) |
| Defendant. | ) |

Pursuant to Civil Local Rule 7-3(d)(1), Defendant Apple Inc. ("Apple") objects to new evidence and related argument EON submitted with its Reply in support of Claim Construction. *Id.* ("If new evidence has been submitted in the reply, the opposing party may file … objections to the new evidence."). Northern District of California Courts have excluded new evidence submitted in reply that could have and should have been submitted in the opening motion. *In re Flash Memory Antitrust Litig.*, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010) ("[T]he Court does not consider new arguments or evidence presented for first time in a reply."). *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 6502170, at *1 n.1 (N.D. Cal. Dec. 11, 2013) (disregarding reply evidence where Plaintiff "knew that [its] reply evidence was pertinent to this dispute and should have presented it earlier, providing [defendants] with an opportunity to respond"); *Willner v. Manpower Inc.*, 2013 WL 3339443, at *3 (N.D. Cal. July 1, 2013) (same); *World Lebanese Cultural Union, Inc. v. World Lebanese Cultural Union of New York, Inc.*, 2011 WL 5118525, at *6 n.3 (N.D. Cal. 2005) (a party's "attempt to introduce new evidence in connection with their reply papers is improper"); *Payne v. Giant Food, Inc.*, 346 F. Supp. 2d 15, 20 n.4 (D.D.C. 2004) ("These facts were raised for the first time in petitioner's Reply, and … petitioner's effort to meet his burden comes too late.") (internal quotation marks omitted).

In this case, EON introduces new evidence in reply in support of its construction of "network hub switching center." In its opening motion, EON argued that the patent's disclosure of "packets" means the Internet because the Internet is an example of a "packet-switched network." ECF No. 185 (EON's Opening Claim Construction Brief) at 7-10. But despite lengthy argument to this point, EON did not cite to any evidence that supported the link between "packets" and "packet-switched network" and that this means the "network hub switching center" can operate on the Internet. *See* ECF No. 186 (Apple's Opposition Claim Construction Brief) ("EON attempts to bridge this gap by arguing that the disclosure of 'packets' implies a 'packet-switched network,' which according to EON means the Internet…But the asserted patents do not use the term 'Internet,' nor do they disclose 'packet-*switching*'… Indeed, the '101 patent actually teaches away from 'packet switching'…") (emphasis in original).

2
APPLE'S CIVIL LOCAL RULE 7-3(d)(1) OBJECTION TO EON'S REPLY EVIDENCE; CASE 3:14-CV-05511-WHO

Now in reply EON attempts to fill this gap by citing to dictionary definitions that it could and should have timely disclosed and cited in its opening claim construction brief.[1] ECF No. 187 (EON's Reply Claim Construction Brief) at 5 ("[T]he essence of a packet-switched network is obviously that it distributes packets. *See* Ex. B, MCGRAW HILL ELECTRONICS DICTIONARY 126 (6th ed. 1994)")[2]; *id.* at 4 ("Moreover, the disclosure of 'public switched network' encompasses the public Internet, '[a] publicly accessible system of networks that connects computers around the world via the TCP/IP protocol.") (*citing see* www.thefreedictionary.com/Internet (last visited July 29, 2016)). EON should have cited to theses dictionaries in EON's opening papers so Apple could respond. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 6502170, at *1 n.1 (N.D. Cal. Dec. 11, 2013) (disregarding reply evidence where Plaintiff "knew that [its] reply evidence was pertinent to this dispute and should have presented it earlier, providing [defendants] with an opportunity to respond.").

In addition, EON introduces and cites to incomplete excerpts of Dr. Negus's deposition testimony concerning his opinions on the terms "network hub switching center" and "digital transducer." *See* ECF No. 187 (EON's Reply Claim Construction Brief) at 4:14-20, 9:8-9. EON's adding this testimony in reply prevented Apple from responding to EON's false characterizations of Dr. Negus' opinions and testimony. Park Decl. at ¶ 4; Ex. C to Park Decl.

---

[1] EON also failed to disclose these dictionaries as potential extrinsic evidence in any of its Patent Local Rule 4 disclosures, including in the Joint Claim Construction Statement filed with this Court, and therefore these dictionaries should be excluded for that reason as well. *See* ECF No. 175 at Ex. C. In addition, EON cites to intrinsic evidence in reply that was not disclosed during the Patent Local Rule 4 disclosures. *See* ECF No. 187 (EON's Reply Claim Construction Brief) at n.2 (*citing* '101 Patent at 9:7-11). EON also cited to three patents and an article in its opening brief that was not disclosed in EON's disclosures. *See* ECF No. 186 at 9, n.10. All of that evidence should be excluded from the record. *See Aristocrat Techs. v. Int'l Game Tech*, No. 06-cv-03717-RMW, 2009 WL 10312796 (N.D. Cal. May 14, 2009) (striking extrinsic evidence not disclosed in the joint claim construction and prehearing statement).

[2] EON's reply further misrepresents the publication date of the newly disclosed *McGraw-Hill* dictionary, 6th ed. as 1994, which is the filing year of the '491 patent. ECF No. 187 at 2:12-13. This edition of the dictionary was actually published three years later—in 1997. Park Decl. at ¶ 2; Ex. A to Park Decl. The 1994 edition of the *McGraw-Hill* provides a definition for the term "packet" that does not mention or include "packet-switched network" or "packet switching." Park Decl. at ¶ 3; Ex. B to Park Decl. (defining "packet" as "A short section of data of fixed length that is transmitted as a unit.").

1    For the forgoing reasons, Apple respectfully requests that the Court strike and exclude
2 EON's improperly and belatedly disclosed Exhibits and argument.

Dated: August 5, 2016

Respectfully submitted,

By: */s/ Bryan K. Anderson*
Bryan K. Anderson (SBN 170666)
bkanderson@sidley.com
Ash Nagdev (SBN 259921)
anagdev@sidley.com
Ryuk Park (SBN 298744)
ryuk.park@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, California  94304
Telephone: 650-565-7000
Facsimile:  650-565-7100

Philip W. Woo (SBN 196459)
pwoo@sidley.com
Ezekiel L. Rauscher (SBN 269141)
erauscher@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
Telephone: 415-772-1200
Facsimile: 415-772-7400

***ATTORNEYS FOR DEFENDANT APPLE INC.***