UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EON CORP IP HOLDINGS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 14-cv-05511-WHO<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 206, 207, 213 |

## BACKGROUND

EON moves for an award of sanctions against Apple for Apple's alleged failure to comply with a discovery order. In my June 14, 2016 Order resolving the parties' dispute over what, if any, information from prior cases Apple was required to produce to EON in this case, I required the following:

> 1. Apple shall produce from the VirnetX, Unwired Planet, and SimpleAir cases the relevant portions of documents discussing APNs, iMessage, and FaceTime contained in: (i) expert reports; (ii) deposition transcripts; (iii) trial transcripts; and (iv) trial exhibits.
>
> 2. Apple shall not produce information regarding other parties' products or technology that is protected by the protective orders or sealing orders in those cases.
>
> If, after reviewing the production required by this Order, EON has a good faith basis for seeking additional categories of information (e.g., pleadings or discovery responses), it may do so, but only if supported by specific citations to materials already produced to demonstrate relevance.

June 14, 2016 Order [Dkt. No. 184] at 2-3. EON moves for sanctions arguing that:

(i) Apple impermissibly redacted large swaths of information from the documents it produced based on its own view that the redacted information was not "relevant";

(ii) Apple has failed to produce third-party documents that are relevant, namely the plaintiffs' expert reports; and

(iii)   Apple took too long (two months) to produce the documents.

As a cure for Apple's conduct, EON wants me to order Apple to produce the information redacted for "relevance," order Apple to produce additional documents, and pay plaintiff's counsel's fees incurred in bringing this motion.

Apple opposes, arguing that in light of the express language of my Order, it was entitled to redact from the documents information that did not discuss APNs, iMessage, or FaceTime, that it diligently moved to produce the information covered by my Order (which required communications and discussions with Apple's outside counsel in the other litigations), and it complied with my Order by refusing to produce materials designated confidential by the plaintiffs' in the prior cases.

**DISCUSSION**

**I.   DELAY**

EON complains that Apple excessively delayed production of the responsive documents for two months under the guise of having to review for third-party confidential materials when in reality Apple was taking the time to impermissibly redact large portions of the documents as irrelevant. This complaint is not well-taken. Apple had to coordinate for the production with at least three other law firms that acted as outside counsel for it in the other cases. Declaration of Ezekiel Rauscher [Dkt. No. 212-1] ¶¶ 3,4, 8,12, 13; *see also* Dkt. Nos.212-2, 212-3, 212-4. The responsive documents from the prior litigations were received by Apple's current counsel between June 29 and July 20, 2016. *Id.* ¶ 8. Apple's current counsel (and their vendor) then reviewed the documents to redact any confidential information regarding third-parties' products or technology and, I assume, also spent significant time redacting "irrelevant" information (*e.g.*, information not relevant to APNs, iMessage, or Facetime). *Id.* ¶¶ 9, 13.

Considering that Apple's current counsel had to contact and negotiate with three law firms who represented Apple in the prior cases and then review the documents produced by those firms, and in light of the number of documents actually produced (over 600 documents, in excess of 20,000 pages), taking two months to produce the responsive materials was not unreasonable and does not provide a basis for sanctioning Apple.

## II.     REDACTIONS FOR RELEVANCE

Apple does not dispute that it redacted large amounts of "irrelevant" information from the produced documents because those portions did not discuss APNs, iMessage, or FaceTime and my prior Order only required Apple to product the "*relevant portions* of documents discussing APNs, iMessage, and FaceTime." (emphasis added).  Apple, therefore, narrowly reads the language of my prior Order to allow redactions on pages of documents that are otherwise responsive, while EON offers a broader reading that would require Apple to produce unredacted pages of documents where there is any discussion of APNs, iMessage, or FaceTime.

EON does not argue – except with respect to one document – that Apple's redactions prevent it from understanding the context of the material Apple has produced.  That one document is the expert report of M. Ray Perryman.  EON contends that the extensive redactions – including the table of contents – from the Perryman report show that Apple redacted relevant information regarding the accused products in this case.  Apple admits to having over-redacted and submits in support of its opposition a revised version of the Perryman report that more narrowly redacts only the names of licensees from the table of contents (as opposed to the majority of the table of contents) and provides two new un-redacted paragraphs (¶ 20 and ¶ 76) that discuss APNs in passing.[1]  EON does not specifically identify particular portions of other documents or specific redactions that it claims are over-broad, either because EON cannot discern the context of the discussion in which they are located or because it appears that the redacted text discusses APNs, iMessage, or Facetime.

I cannot say that Apple has violated my Order in a way that merits sanctions.  If I were Apple, I might not have wasted time redacting information based solely on relevance.  Then again, if I were EON, I would not have wasted time raising this dispute in a fully briefed and heavily papered motion for sanctions.  Instead, it should have invoked the much more efficient joint

---

[1] As to the redactions made in otherwise publicly available documents, Apple asserts that the redactions from the iPhone user guide did not concern iMessage (but instead a different "Messages application," an explanation that EON does not contest in reply) and the redacted discussions of "push" delivery for email, calendar and contacts do not implicate the APNs, iMessage or Facetime products accused here.  Oppo. at 3-4.  EON criticizes these redactions from public documents in its reply, but does not explain how the information redacted is *necessarily relevant* to the accused products in this case such that is should have been produced under my prior Order.

discovery letter dispute process.

If there are discrete portions of documents where the redactions prevent EON from understanding the context of the discussion of APNs, iMessage, or Facetime, or if there are other specific instances where EON believes Apple over-redacted relevant information, EON should invoke a meet and confer process as to those documents. If the parties cannot resolve specific redaction disputes, they may submit them to me for determination under the joint discovery letter dispute process.

### III.     FAILURE TO PRODUCE EXPERT REPORTS

Finally, EON complains that Apple has not produced any expert reports from the plaintiffs in the other cases. Apple responds that because its current counsel was informed by former counsel for Apple that plaintiffs' expert reports were designated as confidential *by those plaintiffs*, Apple was not required to produce them in response to my Order. Apple, instead, produced "all responsive expert reports that were not designated confidential by another party." Oppo. 6; Rauscher Decl. ¶¶4-7; Declaration of Lisa A. Tarpley [Dkt. No. 212-2] ¶ 6 (counsel for Apple in *SimpleAir, Inc. v. AWS Convergence Tech., et al.*, did not collect SimpleAir's infringement, damages, or validity expert reports because those were designated as confidential by SimpleAir and discussed other parties' technology and/or products); Declaration of Christina Kogan [Dkt. No. 212-3] ¶ 5 (counsel for Apple in *Unwired Planet LLC v. Apple, Inc.*, did not produce expert reports designated as confidential by Unwired and included discussions of Unwired's patents and related technology, licenses, and other financial information), ¶ 6 (did not produce other reports and discovery responses which did not discuss APNs, iMessage, or Facetime); Declaration of Leslie M. Schmidt [Dkt. No. 212-4] ¶ 5 (counsel for Apple in *VirnetX, Inc. v. Apple, Inc.* was not asked to produce and did not produce documents designated as confidential by another party in that case, including VirnetX's expert reports, which include references to VirnetX's patents or the development of technology claimed in the patents).

EON points out in reply that my Order allowed Apple to withhold "information regarding *other* parties' products or technology that is protected by the protective orders or sealing orders in those cases." (emphasis added). As such, EON argues that Apple was required to secure and

4

produce the portions of the plaintiffs' expert reports that discussed Apple and Apple's technology (even if those sections of the reports were designated confidential by those plaintiffs). EON's interpretation shows that my prior Order was not as precise as it could have been.

In issuing my Order on the parties' discovery dispute, I was attempting to address Apple's concern that it would be unduly burdensome (in light of the weak to non-existent showing of "nexus" made by EON) for Apple to have to negotiate and secure for production information marked as confidential by parties *other* than Apple in those other cases. Notice would need to be provided under the protective orders at issue and negotiations conducted with not only the outside counsel for Apple but also the plaintiffs who had designated materials as confidential. I did not intend to put Apple (or those third parties) through that effort, but instead intended to require Apple to produce all information that was, essentially, within its own or its counsels' control. Apple's interpretation accurately captured the intent of my Order.

Just as discovery disputes are more expeditiously resolved through the joint discovery letter process, so too ambiguities in orders are more expeditiously resolved by a motion for clarification as opposed to a full-blown sanctions motion.

As noted above with respect to redactions, if based on its review of the materials produced by Apple, EON finds a need for additional production – for documents referenced in the expert reports or for exhibits discussed in the depositions – EON should follow up with Apple. If the parties cannot agree that specifically identified documents should be produced, that matter can be brought to my attention through a joint discovery dispute letter wherein EON explains with precision how the documents it seeks share a technological nexus with or are otherwise relevant to the APNs, iMessage, or Facetime products at issue in this case.

## IV.     MOTIONS TO SEAL

Both EON and Apple submit administrative motions to seal information submitted in support of or in opposition to the motion for sanctions. Dkt. Nos. 207, 213. EON seeks to seal exhibits F, G, H, J, K, L, M, N, Q and R to the Declaration of Joshua Jones in Support of EON's motion for sanctions. Dkt. No. 206. Exhibits F, G, H, J, K, L and R are deposition transcripts from the prior cases that according to a declaration from Apple's counsel in support of sealing

1    contain confidential and proprietary information regarding Apple's technology, marketing, and
2    finances. Dkt. No. 211,¶¶ 6-11, 14. Exhibit M is a copy of the Perryman report from the
3    *SimpleAir* case, and according to Apple's declarant contains confidential financial and cost
4    information relating to Apple's Push Notification Service. *Id*. ¶ 12. Exhibit Q is a copy of an
5    internal Apple marketing presentation containing confidential and proprietary information
6    regarding marketing for Facetime. *Id*. ¶ 13. Based on the declaration submitted in support of
7    sealing, I find good cause supports sealing of these exhibits and EON's administrative motion to
8    seal [Dkt. No. 207] is GRANTED.

9    Apple moves to seal Exhibit 10 to the Declaration of Ezekiel Rauscher, which is a copy of
10   excerpts of the Perryman expert report discussed above. As above, good cause has been shown to
11   seal this exhibit. Apple's administrative motion to seal [Dkt. No. 213] is GRANTED.

## CONCLUSION

For the foregoing reasons, EON's motion for sanctions is DENIED.

**IT IS SO ORDERED**.

Dated: October 28, 2016

WILLIAM H. ORRICK
United States District Judge